**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _Delaware_
                        (State)

Case number (if known) _____ Chapter _7_

☐ Check if this is an amended filing

Official Form 205

# Involuntary Petition Against a Non-Individual                    12/15

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

## Part 1: Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

**1. Chapter of the Bankruptcy Code**

Check one:

☒ Chapter 7
☐ Chapter 11

## Part 2: Identify the Debtor

**2. Debtor's name**    La Senza International Canada, LLC

**3. Other names you know the debtor has used in the last 8 years**

Include any assumed names, trade names, or *doing business as* names.

**4. Debtor's federal Employer Identification Number (EIN)**

☐ Unknown

___ ___ - ___ ___ ___ ___ ___ ___ ___
EIN

**5. Debtor's address**

| Principal place of business | Mailing address, if different |
|---|---|
| | C/O Regent L.P.   Attn: Michael Reinstein |
| | 9720 Wilshire Boulevard, 6th Floor |
| Number   Street | Number   Street |
| | |
| | P.O. Box |
| | Beverly Hills           CA   90212 |
| City         State   ZIP Code | City              State   ZIP Code |
| | Location of principal assets, if different from principal place of business |
| County | Number   Street |
| | |
| | City              State   ZIP Code |

Official Form 205                  Involuntary Petition Against a Non-Individual                  page 1

Debtor    La Senza International Canada, LLC          Case number (if known)_____
          Name

| 6. Debtor's website (URL) | www.lasenza.com |

**7. Type of debtor**
- ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other type of debtor. Specify: _____

**8. Type of debtor's business**

Check one:
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the types of business listed.
- ☐ Unknown type of business.

**9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

- ☒ No
- ☐ Yes. Debtor _____ Relationship _____
  District _____ Date filed _____ Case number, if known _____
                                        MM / DD / YYYY

  Debtor _____ Relationship _____
  District _____ Date filed _____ Case number, if known _____
                                        MM / DD / YYYY

### Part 3: Report About the Case

**10. Venue**

Check one:
- ☒ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

- ☒ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.
- ☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

- ☒ No
- ☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

Debtor   La Senza International Canada, LLC
         Name

Case number (if known) _____

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien * |
|---|---|---|
| MGF Sourcing US, LLC | Goods and services | At least $5,000,000 |
| Ocean Lanka (Pvt) Ltd | Goods and services | At least $100 |
| Teejay Lanka Plc | Goods and services | At least $100 |
| | Total of petitioners' claims | At least $5,000,200 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

*Values constitute minimum amount owed only by La Senza International Canada, LLC. In aggregate with claims against debtor-affiliate La Senza International, LLC, the aggregate amount of claims of the above-scheduled petitioners are as follows:
MGF Sourcing US LLC    $ 8,424,943.99
Ocean Lanka (Pvt) Ltd   $ 731,805.50
Teejay Lanka Plc        $ 195,209.00

### Part 4: Request for Relief

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|
| **Name and mailing address of petitioner** | |
| MGF Sourcing US, LLC | Domenic E. Pacitti |
| Name | Printed name |
| 4200 Regent Street, Suite 205 | Klehr Harrison Harvey Branzburg LLP |
| Number  Street | Firm name, if any |
| Columbus    OH    43219 | 919 N. Market Street, Suite 1000 |
| City         State  ZIP Code | Number  Street |
| | Wilmington    DE    19801 |
| **Name and mailing address of petitioner's representative, if any** | City           State  ZIP Code |
| _____ | Contact phone 302-552-5511   Email dpacitti@klehr.com |
| Name | |
| _____ | Bar number 3989 |
| Number  Street | |
| _____ | State DE |
| City         State  ZIP Code | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 01/21/2020
            MM / DD / YYYY

X _[signature]_
Signature of petitioner or representative, including representative's title

X _[signature]_
Signature of attorney

Date signed 1-24-20
            MM / DD / YYYY

Debtor  La Senza International Canada, LLC  
      Name

Case number (if known) _____

---

**Name and mailing address of petitioner**

Ocean Lanka (Pvt) Ltd  
Name

Block 'B' BEPZ, Walgama  
Number  Street

Malwana     Sri Lanka  
City     State     ZIP Code

**Name and mailing address of petitioner's representative, if any**

Dr Austin Au  
Name

Block "B" Biyagama EPZ  
Number  Street

Walgama, Malwana    Sri Lanka  
City     State     ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  21 / 1 / 2020  
      MM / DD / YYYY

X _____  
Signature of petitioner or representative, including representative's title

---

Robert S. Brady  
Printed name

Young Conaway Stargatt & Taylor, LLP  
Firm name, if any

1000 North King Street  
Number  Street

Wilmington     DE     19801  
City     State     ZIP Code

Contact phone (302) 571-6690  Email rbrady@ycst.com

Bar number  2847

State  DE

X _____(signed)_____  
Signature of attorney

Date signed  01 / 24 / 2020  
      MM / DD / YYYY

---

**Name and mailing address of petitioner**

Teejay Lanka Plc  
Name

Block D8 D14, Seethawaka Export Processing Zone  
Number  Street

Avissawella     Sri Lanka  
City     State     ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____  
Name

_____  
Number  Street

_____  
City     State     ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____  
      MM / DD / YYYY

X _____  
Signature of petitioner or representative, including representative's title

---

Robert S. Brady  
Printed name

Young Conaway Stargatt & Taylor, LLP  
Firm name, if any

1000 North King Street  
Number  Street

Wilmington     DE     19801  
City     State     ZIP Code

Contact phone (302) 571-6690  Email rbrady@ycst

Bar number  2847

State  DE

X _____  
Signature of attorney

Date signed  ___ / ___ / _____  
      MM / DD / YYYY

---

Debtor    La Senza International Canada, LLC
          Name

Case number (if known) _____

---

**Name and mailing address of petitioner**

Ocean Lanka (Pvt) Ltd
Name

Block 'B' BEPZ, Walgama
Number   Street

Malwana                Sri Lanka
City                   State         ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number   Street

_____
City     State    ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
            MM / DD / YYYY

✗ _____
Signature of petitioner or representative, including representative's title

Robert S. Brady
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name, if any

1000 North King Street
Number   Street

Wilmington              DE        19801
City                    State     ZIP Code

Contact phone (302) 571-6690  Email rbrady@ycst.com

Bar number   2847

State   DE

✗ _____
Signature of attorney

Date signed _____
            MM / DD / YYYY

---

**Name and mailing address of petitioner**

Teejay Lanka Plc
Name

Block D8 D14, Seethawaka Export Processing Zone
Number   Street

Avissawella            Sri Lanka
City                   State        ZIP Code

**Name and mailing address of petitioner's representative, if any**

Pubudu de Silva
Name

Block D8D14, Seethawaka Export Processing Zone
Number   Street

Avissawella            Sri Lanka
City                   State    ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 01 22 2020
            MM / DD / YYYY

✗ Pubudu De Silva
Signature of petitioner or representative, including representative's title

Robert S. Brady
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name, if any

1000 North King Street
Number   Street

Wilmington              DE        19801
City                    State     ZIP Code

Contact phone (302) 571-6690  Email rbrady@ycst

Bar number   2847

State   DE

✗ [signature]
Signature of attorney

Date signed 01/24/2020
            MM / DD / YYYY

## United States Bankruptcy Court
### District of Delaware

In re  La Senza International Canada, LLC.
                           Debtor(s)

Case No. ___-_____
Chapter  7

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **MGF Sourcing US, LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**MGF Sourcing Holdings
4200 Regent Street, Suite 205
Columbus, Ohio 43219**

☐ None [*Check if applicable*]

1-24-20

Date

/s/ Domenic E. Pacitti

**Domenic E. Pacitti**
Signature of Attorney or Litigant
Counsel for   **MGF Sourcing US LLC**
**Klehr Harrison Harvey Branzburg LLP**
**919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
(302) 552-5511**

**United States Bankruptcy Court**
**District of Delaware**

In re   La Senza International Canada, LLC.

Debtor(s)

Case No. _____

Chapter   7

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for  **Ocean Lanka (Pvt) Ltd** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Fountain Set (Holdings) Limited (Hong Kong)**

☐ None [*Check if applicable*]

24, January, 2020

/s/ Robert S. Brady
Signature of Attorney or Litigant Counsel for
Ocean Lanka (Pvt) Ltd
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

**United States Bankruptcy Court**
District of Delaware

In re  La Senza International Canada, LLC.                                    Case No. _____
                                        Debtor(s)                             Chapter    7

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Teejay Lanka Plc** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

Brandix Lanka Ltd
Pacific Textiles (HK)

☐ None [*Check if applicable*]

01/24/2020
Date

/s/ _____
Robert S. Brady
Signature of Attorney or Litigant Counsel for
Teejay Lanka Plc
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 7 ) |
| LA SENZA INTERNATIONAL CANADA, LLC | ) Case No. ___-_____ ) |
| Alleged Debtor. | ) ) |

**AFFIDAVIT OF DANIEL BLOCH ON BEHALF OF MGF SOURCING US, LLC
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1003(a)**

STATE OF OHIO        )
                     ) ss:
COUNTY OF FRANKLIN   )

Daniel Bloch, being duly sworn, deposes and states:

1. I make this affidavit on behalf of MGF Sourcing US, LLC ("Petitioning Creditor") in the above-captioned involuntary chapter 7 case (the "Bankruptcy Case") filed by Petitioning Creditor and other petitioning creditors against La Senza International Canada, LLC (the "Debtor," and, collectively with its affiliated entities, La Senza International, LLC and La Senza Canada, Inc., "La Senza"). I am fully familiar with the facts set forth herein either through my own personal knowledge or through a review of documents related to Petitioning Creditor's claims against the Debtor. If called to testify in connection with the Bankruptcy Case, the following would constitute my testimony.

2. I am the Vice President of Finance of Petitioning Creditor.

3. On December 13, 2018, fashion retailer L Brands, Inc. ("L Brands") announced that it had agreed to sell La Senza to Regent, L.P. ("Regent"). Central to the deal was MGF's willingness to source goods for La Senza, which, in turn, was contingent upon La Senza's securing a letter of credit and L Brands' agreement to guarantee payment to MGF for those goods. MGF

required assurances from La Senza and L Brands that MGF would have little or no exposure in the event that La Senza failed to pay for the goods MGF supplied. Accordingly, the parties entered into agreements designed and intended to provide MGF with the security it required, and to induce MGF to source goods to La Senza. In pertinent part, these agreements provided that:

- La Senza would obtain a Letter of Credit equal to half of La Senza's inventory value, and thereafter, L Brands would guarantee up to $20 million of La Senza orders. MGF would be entitled to draw under the Letter of Credit in the event that La Senza defaulted on its payment obligations or otherwise did not fully perform;

- MGF would source goods for La Senza's inventory and the two would enter into binding contracts for the purchase and sale of goods;

- in the event that MGF has commercially reasonable grounds for insecurity with respect to La Senza's performance, and La Senza does not provide assurance of timely performance within 10 days, MGF is entitled to suspend performance under the MSA or of any individual orders placed by La Senza;

- in the event that La Senza becomes insolvent, MGF has the ability to terminate the MSA or any order placed under the MSA; and

- L Brands guaranteed "the due and punctual payment of new La Senza orders placed with MGF pursuant to the MSA" including a guarantee of $20 million for orders placed between June 1, 2019, and May 31, 2020.

4. Not long after entering into the MSA, La Senza began to default on its obligations. Despite MGF's efforts to work in good faith with La Senza to find solutions, La Senza regularly disregarded its obligations and ultimately refused to provide MGF with adequate assurances of future performance.

5. By April 2019, less than six months after the sale to Regent, it became clear that La Senza would not deliver the Letter of Credit by May 1, 2019, as required by the MSA. To facilitate La Senza's performance, MGF agreed to amend the MSA to give La Senza the option of establishing an escrow account to guarantee payment for goods sourced by MGF (the "Escrow Account"), according to the following cumulative funding schedule:

2

- **June 17, 2019:** $5,000,000;[1]
- **on or prior to September 30, 2019:** $5,000,000; and
- **on or prior to December 30, 2019:** The lesser of $5,000,000 or the amount necessary to bring the total amount of the Escrow Account to 50% of La Senza's Inventory Value as defined in the MSA.

6. Alternatively, La Senza could, at any time, deliver the Letter of Credit as originally required by the MSA. In reliance on La Senza's promise to fund the Escrow Account, MGF continued accepting La Senza orders and shipping goods to La Senza.

7. La Senza failed to fund the Escrow Account with any of the required payments. La Senza also still failed to deliver a Letter of Credit. Despite failure to meet those obligations, La Senza was not yet substantially delinquent in making payments for goods shipped and the financials it shared with MGF did not reflect insolvency. Therefore, MGF continued accepting La Senza orders and shipping goods to La Senza notwithstanding La Senza's failure to meet its obligations under the MSA, as amended.

8. On October 5, 2019, La Senza failed to timely pay for a substantial amount of goods shipped by MGF to La Senza under the MSA, and by October 10, 2019, La Senza was delinquent on approximately $10 million in goods delivered to it under the MSA. By October 31, 2019, the delinquency had grown to over $11 million.

9. Consistent with the terms of the MSA, on October 31, 2019, MGF exercised its right to demand that La Senza cure its material breaches and provide MGF with reasonable assurances of due performance within ten business days. Meanwhile, MGF continued to work in

---

[1] Although the first amendment to the MSA required La Senza to deposit $5,000,000 in the Escrow Account by June 3, 2019, MGF subsequently agreed to extend La Senza's deadline to make its initial deposit to the Escrow Account to June 17, 2019.

3

good faith with La Senza and L Brands to attempt to reach an agreement to enable all parties to satisfy their contractual obligations.

10. By November 22, 2019, however, it became clear that La Senza had no intention of curing its breaches, paying MGF for the goods it supplied, or providing assurances of future performance. Indeed, La Senza is currently in default on over $41.7 million in payments for goods MGF has previously shipped. Further, La Senza ignored MGF's October 31, 2019, letter demanding adequate assurances, and during the parties' subsequent discussions refused to provide MGF with a representation that La Senza is solvent.

11. La Senza also failed to provide MGF with certain financial data, some of which was required under the MSA, which would allow MGF to determine the full extent of La Senza's financial position, including cash available to pay MGF and other creditors for goods and services provided to La Senza. Instead, La Senza hid the amount of cash it had available because it knew that MGF would insist that La Senza use the cash received from sales of MGF goods to pay for those goods, as La Senza had promised to do.

12. La Senza has continued to refuse to cure its material breaches, or to provide MGF with adequate assurances of future performance or a representation of solvency. MGF also demanded that La Senza stop selling goods sourced by MGF and return them, but La Senza has not done so.

13. La Senza's communications with MGF has become increasingly infrequent, and they refuse to provide financial information without imposing conditions so that MGF can make an informed decision about how to deal with La Senza on a go-forward basis.

4

14. Petitioning Creditor holds claims in the aggregate past due principal amount of at least $5 million[2] with respect to the Debtor—and approximately $8.4 million in total aggregate past due amount in conjunction with the amounts owed by Debtor-affiliate La Senza International, LLC—based upon the goods and services furnished to the Debtor by the Petitioning Creditor for which the Debtor has not paid. These claims accrued from October 1, 2019, to December 3, 2019, as reflected in the attached document. The past due amounts are growing and will likely soon contain amounts not yet past due, increasing the total aggregate amount to approximately $9 million.

15. Petitioning Creditor holds actual, undisputed, non-contingent claims against the Debtor.

*[Remainder of page intentionally left blank]*

---

[2] MGF's claim against the Debtor almost assuredly exceeds $5 million. La Senza has recently made largely baseless allegations, however, presumably to invent a dispute. As a result, I selected the $5 million claim amount because, even assuming the baseless allegations were true, MGF's claim against the Debtor would not conceivably be less than $5 million.

Dated this 21st day of January, 2020, at 4200 Regent Street, Suite 205, Columbus, Ohio 43219.

_____
Daniel Bloch

Sworn to and subscribed before me
This 21st day of January, 2020

_____
Notary Public

Jennifer L Carruthers
Notary Public, State of Ohio
My Commission Expires
April 29, 2022

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LA SENZA INTERNATIONAL CANADA, LLC<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. __-____ [1] |

**AFFIDAVIT OF DR. AUSTIN AU ON BEHALF OF OCEAN LANKA (PVT) LTD
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1003(a)**

```
                    )
                    ) ss:
COUNTRY OF SRI LANKA )
```

Dr. Austin Au, being duly sworn, deposes and states:

1. I make this affidavit on behalf of Ocean Lanka (Pvt) Ltd ("Petitioning Creditor") in the above-captioned involuntary chapter 7 case (the "Bankruptcy Case") filed by Petitioning Creditor and other petitioning creditors against La Senza International Canada, LLC (the "Debtor"). I am fully familiar with the facts set forth herein either through my own personal knowledge or through a review of documents related to Petitioning Creditor's claims against the Debtor. If called to testify in connection with the Bankruptcy Case, the following would constitute my testimony.

2. I am the Managing Director of Petitioning Creditor.

3. Petitioning Creditor holds claims in the aggregate principal amount of at least $100 with respect to the Debtor—and $731,805.50 in total aggregate amount in conjunction with the amounts owed by Debtor-affiliate La Senza International, LLC—based upon the goods and services furnished to the Debtor by the Petitioning Creditor for which the Debtor has not paid.

4. Petitioning Creditor holds actual, undisputed, non-contingent claims against the Debtor.

Dated this 17 day of January, 2020 at Malwana, Sri Lanka.

_____
Dr. Austin Au

Sworn to and subscribed before me
This _____ day of January, 2020

_____
Notary Public

2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| LA SENZA INTERNATIONAL CANADA, LLC | Case No. ___-_____ |
| Alleged Debtor. | |

## AFFIDAVIT OF PUBUDU DE SILVA ON BEHALF OF TEEJAY LANKA PLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1003(a)

```
                    )
                    ) ss:
COUNTRY OF SRI LANKA )
```

Pubudu De Silva, being duly sworn, deposes and states:

1. I make this affidavit on behalf of Teejay Lanka Plc ("Petitioning Creditor") in the above-captioned involuntary chapter 7 case (the "Bankruptcy Case") filed by Petitioning Creditor and other petitioning creditors against La Senza International Canada, LLC (the "Debtor"). I am fully familiar with the facts set forth herein either through my own personal knowledge or through a review of documents related to Petitioning Creditor's claims against the Debtor. If called to testify in connection with the Bankruptcy Case, the following would constitute my testimony.

2. I am the Chief Executive Officer of Petitioning Creditor.

3. Petitioning Creditor holds claims in the aggregate principal amount of at least $100 with respect to the Debtor—and $195,209 in total aggregate amount in conjunction with the amounts owed by Debtor-affiliate La Senza International, LLC—based upon the goods and services furnished to the Debtor by the Petitioning Creditor for which the Debtor has not paid.

4.  Petitioning Creditor holds actual, undisputed, non-contingent claims against the Debtor.

Dated this _____ day of January, 2020 at Avissawella, Sri Lanka.

_____
Pubudu De Silva

Sworn to and subscribed before me
This _____ day of January, 2020

_____
Notary Public

2